IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jessica A. Sherrod, | ) | Civil Action No.: 3:12-3026-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jessica A. Sherrod ("Plaintiff") brought this action seeking judicial review of

the final decision of the Commissioner of Social Security ("Commissioner") denying

Plaintiff's claim for Supplemental Security Income ("SSI").  (ECF No. 1).  This matter is

before the Court for review of the Report and Recommendation ("Report") of United States

Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b)(1)(B)

and Local Civil Rule 73.02 for the District of South Carolina.[2]  The Magistrate Judge

recommends reversing the Commissioner's decision and remanding the case for further

proceedings.  (ECF No. 14).  For the reasons stated below, the Court adopts the Report

_____

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14,
2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this lawsuit.

[2]The Magistrate Judge's recommendation has no presumptive weight, and the responsibility
for making a final determination remains with the United States District Court. *Mathews v. Weber*,
423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de
novo* determination of those portions of the Report to which specific objection is made. The court
may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate
judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

and remands the case for further administrative proceedings.

## Background

On September 30, 2008, Plaintiff filed an application for SSI, alleging disability beginning March 1, 2007. (Tr. 146). Plaintiff claimed disability due to bipolar affective disorder, post traumatic stress disorder ("PTSD"), general anxiety disorder, and a personality disorder. (Tr. 30, 190.) Plaintiff has an eighth grade education and past relevant work as a cashier and a stocker. (Tr. 191, 195, 260).

Plaintiff's claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a written request for a hearing. A hearing was set for October 8, 2010, in Vidalia, Georgia. (Tr. 83). On October 5, 2010, Plaintiff's counsel informed the Social Security Administration ("SSA") that Plaintiff had moved to Bluffton, South Carolina, and requested a transfer of records to the appropriate SSA office. (Tr. 110). A hearing was then scheduled for January 14, 2011, in North Charleston, South Carolina. (Tr. 111). In a letter dated January 10, 2011, Plaintiff asked that the January 10, 2011 hearing be moved to Savannah, Georgia, which was closer to her home. The Administrative Law Judge ("ALJ") denied Plaintiff's request to transfer the hearing. On January 14, 2011, the hearing was held in North Charleston, South Carolina. Although Plaintiff did not attend the hearing, her representative attended the hearing and a Vocational Expert ("VE") appeared and testified at the hearing. (Tr. 45-55). In a February 25, 2011 decision, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 25-38). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner. (Tr. 1–5). Plaintiff filed the instant action on October 19, 2012. (ECF No. 1).

The Magistrate Judge filed the Report on November 8, 2013, and recommended the Court reverse the Commissioner's decision and remand the case for further proceedings. (ECF No. 16).  In the Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated here by reference. The Commissioner timely filed objections to the Report on November 25, 2013.  (ECF No. 15).  This matter is now ripe for review.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972).  In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996). However, "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole

record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

### Discussion

In the Report, the Magistrate Judge determined that  the ALJ's decision to discount the opinion of Plaintiff's treating psychiatrist, Dr. Chad Brock ("Dr. Brock"), that Plaintiff was totally disabled was not supported by substantial evidence.[3]  (ECF No. 14 at 13).  The Magistrate Judge noted it appeared that the ALJ discounted the opinion of Dr. Brock "in large part based on opinions of Dr.  Rumble."[4]  *Id.*  The Magistrate Judge further indicated that it was "unclear what opinions were rendered by Dr. Rumble." *Id.*  The Magistrate Judge recommended reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings, particularly to consider the opinion of Dr. Brock and to consider Plaintiff's residual functional capacity ("RFC").  (ECF No. 14 at 16).  The Commissioner filed timely objections to the Report on November 25, 2013.  (ECF No. 15).

The Commissioner argues *inter alia* that the Magistrate Judge erred in so recommending because the ALJ did discuss Dr. Rumble's opinion; the ALJ's  analysis of Dr. Rumble's opinion was sufficient; there was substantial evidence to contravene Dr. Brock's opinion that Plaintiff was totally disabled, and there was substantial evidence to support the ALJ's RFC finding.

---

[3]Dr. Brock was Plaintiff's treating psychiatrist from October 31, 2007 until August 3, 2009.  (Tr. 260).

[4]Dr. Thomas Reid Rumble ("Dr. Rumble") was a psychiatrist that Plaintiff saw from December 2, 2009 until  March 30, 2010.  (Tr. 327 350, 352, and  354)

This Court has considered the Commissioner's objections in light of the applicable case law, the record in this case, and the briefs and submissions made to this Court and concludes that the Commissioner's objections to the Report are without merit and are therefore denied. The Court notes that the Commissioner's objections were addressed in the well-reasoned Report of the Magistrate Judge. The Court concurs with both the reasoning and the result recommended by the Magistrate Judge. Having conducted the required *de novo* review of the issues to which the Commissioner objected, the Court finds no basis for disturbing the Report. The Court adopts the Report and its recommended disposition, which is incorporated by reference

## CONCLUSION

The Court has carefully reviewed the record and holds that this case should be reversed and remanded in accordance with the Magistrate Judge's recommendation. However, the Court is careful to note that it expresses no comment as to the ultimate merits of Plaintiff's claims.

For the reasons set out above and in the Report, the Commissioner's final decision is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

January 8, 2014
Spartanburg, South Carolina

5